UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MARTIN SEALEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CSATF STATE PRISON, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00075-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* FOR A PRISONER AND A SECTION 1983 CIVIL RIGHTS COMPLAINT FORM |

Dean Sealey ("Plaintiff") is a state prisoner proceeding *pro se* in this in this action.

Plaintiff filed a letter commencing this action in the United States District Court for the Northern Division of California on October 21, 2022. On that same day, Plaintiff was directed to submit a completed complaint (or petition) on the proper form and to file an application to proceed *in forma pauperis*. (ECF Nos. 2 & 3). Plaintiff filed a motion for an extension of time to file his complaint (ECF No. 8), and Plaintiff was given until January 9, 2023, to file his complaint and to either pay the filing fee or file an application to proceed *in forma pauperis* (ECF No. 9). The case was transferred to the Eastern District on January 18, 2023. (ECF No. 12).

Plaintiff's deadline to file his complaint and to either pay the filing fee or file an application to proceed *in forma pauperis* has passed, and Plaintiff failed to do either. Accordingly, the Court will order Plaintiff to shall show cause as to why this action should not be dismissed, without prejudice, for failure to comply with court orders and to prosecute this case.  If, in response, Plaintiff files his complaint and either pays the filing fee or files an application to proceed *in forma pauperis*, the Court will discharge this order to show cause.

As Plaintiff is complaining about the failure to properly process his grievance, the Court also provides Plaintiff with the following legal standards that are potentially relevant to his federal claim(s).

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to show cause as to why this action should not be dismissed, without prejudice, for failure to comply with court orders and to prosecute this case.  If, in response, Plaintiff files his complaint and either pays the filing fee or files an application to proceed *in forma pauperis*, the Court will discharge this order to show cause.
2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action.

3. The Clerk of Court is directed to send Plaintiff a form application to proceed *in forma pauperis* for a prisoner and a section 1983 civil rights complaint form.

IT IS SO ORDERED.

Dated: __**January 19, 2023**__          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE